UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID JOSEPH GARZA, | § § § | |
| *Movant*, | § § | |
| v. | § § | Crim. Action No. SA-14-CR-00827-XR |
| UNITED STATES OF AMERICA, | § § | Civil Action No. SA-16-CV-00937-XR |
| *Respondent*. | § § § | |

**ORDER**

Before the Court is Defendant Joseph Garza's § 2255 motion to vacate federal sentence. Crim. Docket no. 149. Magistrate Judge John Primomo recommended staying the motion while granting Garza an out-of-time appeal due to a letter than he sent to the district court several days after his sentencing. Crim. Docket no. 174. After careful consideration, the Court ACCEPTS the Magistrate Judge's recommendation, STAYS Garza's § 2255 motion to vacate, and GRANTS Garza an out-of-time appeal.

**BACKGROUND**

On October 15, 2014, Movant Joseph Garza was charged by indictment with various robbery related counts. John Michael Economidy was appointed to represent Garza, who ultimately pled guilty to one count from the indictment. The plea agreement provided that Garza waived his right to appeal or otherwise contest his sentence except to the extent that "it is the result of a violation of [his] constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension." Crim. Docket no. 73 at 7–8.

On September 15, 2015, Garza was sentenced to 151 months of imprisonment to be

1

followed by three years of supervised release. Crim. Docket no. 102. Judgment was entered on September 21, 2015. *Id*.

On September 28, 2015, this Court received a letter from Garza, which was postmarked September 24. Crim. Docket no. 104. The Letter, entered in the docket as "Correspondence to the Court," states that "there are some issues [Garza] would like to appeal." *Id*. at 1. Garza raises several complaints with his sentencing and his counsel's performance. *Id*. at 1–3. He adds that he filed his complaints in the form of this letter because he was unsure of how to properly proceed at this stage. *Id*. at 1.

On September 19, 2016, Garza filed his § 2255 motion to vacate federal sentence, along with a lengthy memorandum in support. Crim. Docket nos. 141, 142. Shortly thereafter, he filed an amended motion, containing identical legal theories but shortening the accompanying materials to comply with a court order. Crim. Docket nos. 149, 150. In light of the duplicate motions, the original motion is DISMISSED as moot, Crim. Docket no. 141, and the Court will examine the amended motion, Crim. Docket no. 149.

## STANDARD OF REVIEW

Where a party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court conducts a *de novo* review. *See* 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). If there are no objections to a Magistrate Judge's Memorandum and Recommendation, the district court reviews for findings and conclusions that are either clearly erroneous or contrary to law. *Id*. In the present case, neither party objected to the Magistrate's Memorandum and Recommendation, thus implicating clear error review.

# DISCUSSION

**I. Garza's theory that Economidy provided ineffective assistance by not filing an appeal fails.**

Garza claimed he requested that Economidy file an appeal but that Economidy failed to do so. Where a lawyer disregards specific instructions from his client to file a notice of appeal, the lawyer has provided ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If a defendant demonstrates by a preponderance of the evidence that he requested an appeal, he will be allowed to file an out-of-time appeal, regardless of whether he can identify any meritorious grounds for appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Magistrate Judge Primomo found that Economidy did not provide ineffective assistance in this regard. This Court finds no clear error with this finding.

Judge Primomo held an evidentiary hearing, at which both Garza and Economidy testified to having a strained relationship. Garza stated that he advised Economidy prior to sentencing that he wanted to file an appeal if certain sentencing issues were not resolved in his favor. Garza added that Economidy told him that he would no longer represent him (Garza) after the sentencing and that he (Garza) would have to file the appeal himself. Garza also claimed Economidy sent him a letter that provided Garza with information about appealing the sentence. Garza did not present the letter at the evidentiary hearing because, as he explained, he left it in prison.

Economidy testified Garza never mentioned the appeal. If Garza had mentioned the appeal, Economidy testified he would have prepared a Notice of Appeal for Garza to sign. Both parties agree that Garza never mentioned a potential appeal *after* the sentencing.

Judge Primomo found Economidy to be credible and Garza not. Garza received the minimum recommended sentence of 151 months, and Judge Primomo found it unreasonable for

3

Garza to appeal such a favorable plea when he would have faced up to 292 months had he gone to trial. Garza also benefitted from the minimum sentence, and it is unlikely he wanted to appeal the sentence *before* it was entered. As to the letter that Garza alleged Economidy sent him, Judge Primomo found it unlikely that this letter exists. Judge Primomo reasoned that Garza would have brought the letter to the evidentiary hearing because it would have been so probative of Garza's allegations.

On the Magistrate Judge's findings and credibility determinations at the evidentiary hearing, this Court finds no clear error. Thus, the Court ACCEPTS the Magistrate's recommendation and finds that Economidy did not provide ineffective assistance in this regard.

**II. Garza is nevertheless entitled to an out-of-time appeal based on his September 2015 letter to this Court.**

Judge Primomo found that Garza sent a letter to the district clerk about one week after being sentenced, demonstrating his intent to appeal. Judge Primomo concluded that this letter met the requirements of Federal Rules of Appellate Procedure 3 and 4, which govern the filing of a notice of appeal in a criminal case. Therefore, Judge Primomo recommended that Garza's § 2255 motion to vacate sentence be stayed and Garza be granted an out-of-time appeal. This Court finds no clear error in this finding, and therefore adopts this recommendation.

Pursuant to Rule 3(a)(1) of the Federal Rules of Appellate Procedure, an appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4, which requires a notice of appeal in a criminal case to be filed within 14 days of the entry of judgment or order being appealed. Rule 3(c)(1) states the notice of appeal must: (a) specify the party or parties taking the appeal by naming each one in the caption or body of the notice; (b) designate the judgment, order, or part thereof being appealed; and (c) name the court to which the appeal is taken. These

requirements exist to give sufficient notice of the appeal to the other parties to the lawsuit and the courts. *Smith v. Barry*, 502 U.S. 244, 248 (1992). Consequently, "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Id.* at 248.

Notices of appeal are given liberal treatment when the party's intent to appeal a ruling is apparent and there is no prejudice to the adverse party. *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981) ("A policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party."). Although the liberal treatment of notices of appeal does not excuse noncompliance with the requirements of Rule 3(c)(1), *Smith*, 502 U.S. at 248, "an appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." FED. R. APP. P. 3.

Judge Primomo's recommendation relied heavily on *Ramirez-Aguilera v. United States*, No. A-13-CR-132(1) LY, 2015 WL 5737670, at *1 (W.D. Tex. Sept. 30, 2015), *subsequently dismissed*, 657 F. App'x 292 (5th Cir. 2016). There, the defendant asked for a "second chance" in a letter sent to the district clerk 13 days after his plea agreement was accepted by the district judge. *Id*. The letter read as follows:

> To whom it may concern:
>
>> I would like to get a second chance with another court-appointed attorney. I feel as if my appointed counsel did not represent me with the best possible job he could. I feel as if I was not his top and first priority. I appreciate with all my heart if you could send me the appropriate form to file. The Appeal or 2255 or Habeas Corpus. My cause number A:13–cr–132(01)–ly.
>
> Thanks for your time.

5

*Id.* This letter was initially docketed as a notice of appeal but was later changed to a request for forms. *Id.* The clerk sent the defendant forms for filing a motion under 28 U.S.C. § 2255, and the defendant returned a completed § 2255 form, alleging ineffective assistance of counsel. *Id.* After reviewing the record, the court construed the letter as a notice of appeal since the letter was the functional equivalent of one. *Id.* The defendant was the only party that could appeal, his sentence was the only thing that could be appealed, and he could only appeal to the U.S. Court of Appeals for the Fifth Circuit, therefore satisfying Rule 3(c)(1)'s requirements. *Id.* As a result, the court found the § 2255 motion should be stayed until direct appeal was heard by the Fifth Circuit. *Id.*

The Fifth Circuit has also held that technically deficient Notices of Appeal should be construed liberally when the appellant's intention is clear. *McLemore v. Landry,* 898 F.2d 996, 999 (5th Cir. 1990). In *McLemore*, the petitioner filed a notice of appeal that stated:

> NOW INTO COURT, comes River Villa, A Partnership, and the respective individual partners therein, defendants in the above-captioned action entitled Sun Belt Federal Bank, F.S.B. v. River Villa Partnership, et al., and moves this Court to allow an appeal and enter an order of appeal in the said action.

*Id*. The court acknowledged that the notice did not meet the technical requirements of Rule 3(c) but held it was a sufficient Notice of Appeal for the River Villa Partnership. The petitioner did not state to which court it was appealing, but the Fifth Circuit Court of Appeals was the only court to which it could appeal. *Id.* Furthermore, even though the petitioner did not designate the judgment it was appealing, the timing of the appeal and the status of the case showed the petitioner's intent to appeal the underlying summary judgment decision and denial of its motion to file a compulsory counterclaim. *Id.*

On this record, Garza's September 21, 2015 letter should be construed as a Notice of Appeal. *See* Crim. Docket no. 104. Garza's letter indicated he wanted to appeal his sentence. He identified himself and stated that "there are some issues I would like to Appeal." Unlike the

defendant in *Ramirez-Aguilera*, who did not even state that he wanted to appeal and yet was still permitted an out-of-time appeal, Garza clearly stated his intent to appeal. Garza complied with the time limits for filing a notice of appeal, and he stated the letter was his "notice" for his appeal. Therefore, Garza met the first requirement of Rule 3(c) of the Federal Rules of Appellate Procedure.

Garza also identified the part of his judgment he was appealing unlike the petitioners in *McLemore*, who simply appealed the entire action and were nevertheless granted the ability to appeal. Garza designated that he was appealing his sentence because he alleged his criminal history was miscalculated. This Court does not have to go outside Garza's letter to interpret what he was appealing, as the Fifth Circuit was required to do in *McLemore*. Consequently, Garza's letter meets the second requirement of Rule 3(c) of the Federal Rules of Appellate Procedure.

Although Garza did not name the court to which he was appealing, the only court to which Garza could appeal his sentence is the Fifth Circuit Court of Appeals. As such, Garza's letter is construed as meeting the third requirement of Rule 3(c) of the Federal Rules of Appellate Procedure. *See United States v. Cantwell*, 470 F.3d 1087, 1089 (5th Cir. 2006) ("It does not state the court to which she was appealing, but that omission is irrelevant because this is the only court to which she could appeal"); *Doe v. City of Pharr, Tex.*, 652 F. App'x 259, 263 (5th Cir. 2016) (holding that petitioner need not name court to which he is appealing if the Fifth Circuit is the only court to which he can appeal). For these reasons, this Court finds no clear error with the Magistrate Judge's recommendations, and therefore adopts them. Garza shall be granted an out-of-time appeal.

Garza also complains that Economidy provided ineffective assistance in several other ways. These issues need not be addressed at this time because Garza's § 2255 motion to vacate sentence will be stayed pending direct appeal to the Fifth Circuit.

## CONCLUSION

Magistrate Judge Primomo's Memorandum and Recommendation is ADOPTED. Crim. Docket no. 174. Garza's ineffective assistance of counsel claims based on Economidy's failure to file a notice of appeal are rejected, but Garza is granted an out-of-time appeal based on the filing of his September 21 letter, which the Magistrate Judge did not err in construing as a timely notice of appeal. *See* Crim. Docket no. 104. As such, Garza's § 2255 amended motion to vacate sentence (Crim. Docket no. 149) is STAYED pending resolution of proceedings on direct appeal. His original motion to vacate (Crim. Docket no. 141) is DISMISSED AS MOOT in light of the amended motion.

It is so ORDERED.

SIGNED this 27th day of June, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE